TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Rd, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Christian Hunt

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christian Hunt,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Rash Curtis & Associates; and Experian Information Solutions, Inc.,<br><br>　　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT**<br>**2. THE FAIR CREDIT REPORTING ACT**<br>**3. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

Christian Hunt ("Plaintiff"), by undersigned counsel, brings the following complaint against Rash Curtis & Associates and Experian Information Solutions, Inc. (collectively "Defendants"), and alleges as follows:

## JURISDICTION

1. This action arises out of Rash Curtis & Associates' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act"), and Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendants transact business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Lakeport, California, and is a "person" as defined by Cal Civ. Code § 1788.2(g) and 15 U.S.C. § 1681a(b).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and 15 U.S.C 1681a(c) and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h.

2
COMPLAINT FOR DAMAGES

6. Defendant, Rash Curtis & Associates ("Rash Curtis"), is a business entity located in Vacaville, California, and is a "person" as the term is defined by Cal Civ. Code § 1788.2(g) and 15 U.S.C. § 1681a(b).

7. Defendant, Rash Curtis, uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8. Defendant, Experian Information Solutions, Inc. ("Experian"), is a business entity located in Orange, California, and is a "person" as the term is defined by 1 U.S.C. § 1 and 15 U.S.C. § 1681a(b).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9. In 2015, Plaintiff was ordered by the Mendocino County Sheriff, while in their custody, to seek medical attention at the Ukiah Valley Medical Center prior to incarceration in the Mendocino County Jail.

10. Plaintiff did not consent to this hospital visit.

11. Thereafter, Plaintiff noticed that Rash Curtis was inaccurately and negatively reporting a debt on his Experian credit report that was incurred as a result of this hospital visit.

12. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired primarily for personal, family or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. On July 13, 2020, Plaintiff disputed the alleged debt with Rash Curtis, specifying that he does not owe the debt. Plaintiff also asked Rash Curtis to contact the credit reporting agencies, inform them of his dispute, and ask them to delete the alleged debt from his credit report.

14. Plaintiff disputed the debt with Experian on at least two (2) occasions.

15. In response, Experian updated the Rash Curtis account to reflect "disputed" on Plaintiff's Experian credit report.

16. On or around July 22, 2020, the "disputed" notation was removed from Plaintiff's credit report, and Rash Curtis and Experian continued to report the alleged debt as owed, without any indication that Plaintiff disputed the alleged debt.

17. Defendants' actions caused harm to Plaintiff's credit and financial wellbeing and caused Plaintiff to suffer harm in the form of undue stress and anxiety.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY RASH CURTIS

18. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

19. Rash Curtis uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

20. Rash Curtis attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

21. Rash Curtis engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

22. Rash Curtis used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

23. Rash Curtis misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

24. Rash Curtis communicated with a consumer-reporting agency and provided false credit information and/or failed to communicate that the alleged debt is disputed, in violation of 15 U.S.C. § 1692e(8).

25. Rash Curtis used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

26. Rash Curtis attempted to collect an amount from Plaintiff that was unauthorized by agreement or law, in violation of 15 U.S.C. § 1692f(1).

27. The foregoing acts and/or omissions of Rash Curtis constitute violations of the FDCPA, including every one of the above-cited provisions.

28. Plaintiff was harmed and is entitled to damages as a result of Rash Curtis's violations.

## COUNT II

## NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY RASH CURTIS

29. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

30. Rash Curtis, in the regular course of its business, furnishes information to credit reporting agencies as specified in 15 U.S.C. § 1681s-2.

31. After Experian informed Rash Curtis that Plaintiff disputed the reported account, Rash Curtis negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

32. Rash Curtis negligently failed to review all relevant information available to it and provided by Experian in conducting its investigation as required by 15 USC 1681s-2(b).

33. The disputed account is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Experian to which it is reporting such account.

COMPLAINT FOR DAMAGES

34. As a direct and proximate cause of Rash Curtis's negligent failure to perform its duties under the FCRA, Plaintiff has suffered economic harm and mental anguish.

35. Rash Curtis is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

## COUNT III
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY RASH CURTIS

36. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

37. After Experian informed Rash Curtis that Plaintiff disputed the reported account, Rash Curtis willfully failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

38. Rash Curtis willfully failed to review all relevant information available to it and provided by Experian in conducting its investigation as required by 15 USC 1681s-2(b).

39. The disputed account is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Experian to which it is reporting such account.

40. As a direct and proximate cause of Rash Curtis's willful failure to perform its duties under the FCRA, Plaintiff has suffered economic harm and mental anguish.

41. Rash Curtis is liable to Plaintiff for either statutory damages or actual damages that he has sustained by reason of Rash Curtis's violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages and reasonable attorneys' pursuant to 15 USC 1681n.

## COUNT IV

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT BY RASH CURTIS

42. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

43. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

44. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17

45. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

# COUNT V

# NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

46. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

47. Experian is a "consumer reporting agency" as the term is defined by 15 U.S.C. § 1681(a)(f).

48. Experian is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined by 15 U.S.C. § 1681(a)(d), to third parties.

49. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

50. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

51. After receiving Plaintiff's consumer dispute to Rash Curtis's reported account, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

52. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered economic harm and mental anguish.

53. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

## COUNT VI

## WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

54. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein

55. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

56. After receiving Plaintiff's consumer dispute to Rash Curtis's reported account, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

57. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered economic harm and mental anguish.

58. Experian is liable to Plaintiff for either statutory damages or actual damages that he has sustained by reason of Experian's violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages and reasonable attorneys' pursuant to 15 USC 1681n.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant Rash Curtis for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), 15 U.S.C. § 1681o(a)(1), 15 U.S.C. § 1681n(a)(1)(A), and Cal. Civ. Code § 1788.30(a);

B. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A), 15 U.S.C. § 1681n(a)(1)(A), and Cal. Civ. Code § 1788.30(b);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3), 15 U.S.C. § 1681o(a)(2), 15 U.S.C. § 1681n(a)(3), and Cal. Civ. Code § 1788.30(c);

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

WHEREFORE, Plaintiff prays for judgment against Defendant Experian for:

A. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1), and 15 U.S.C. § 1681n(a)(1)(A);

B. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2), and 15 U.S.C. § 1681n(a)(3);

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  January 4, 2021                TRINETTE G. KENT

                                       By:  /s/  *Trinette G. Kent*
                                       Trinette G. Kent, Esq.
                                       Lemberg Law, LLC
                                       Attorney for Plaintiff, Christian Hunt

COMPLAINT FOR DAMAGES